966 F.2d 1454
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David L. ANDERSON, Defendant-Appellee.
 No. 91-3704.
 United States Court of Appeals, Sixth Circuit.
 May 29, 1992.
 
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant, David L. Anderson, was convicted of distribution of cocaine base and conspiracy to commit that offense. The defendant asserted an entrapment defense at trial. After he was convicted by the jury, the district judge sentenced him to 188 months in prison. He now appeals his conviction, alleging that certain prejudicial testimonial evidence was admitted at trial. We affirm for the reasons stated.
 
 
 2
 In early October, 1989, Eddie Young, an undercover drug investigator with the Metropolitan Enforcement Group ("MEG"), arrested James Milton for trafficking cocaine. Milton subsequently became an informant for the MEG. From Milton's information, Young determined that the defendant Anderson and Mike Barber, the co-defendant in this case, were supplying drugs to Milton.
 
 
 3
 On October 19, 1989, Young instructed Milton to call the defendant about buying some cocaine. In the call, Milton told the defendant that his "brother" (Young) wanted to buy some cocaine. The defendant agreed to sell Young the drugs, but he stated that the sale was to take place in Cleveland, Ohio. The defendant claimed that he was "induced into arranging a sale of cocaine between the drug enforcement officer and Co-defendant, Mike Barber."
 
 
 4
 Shortly thereafter, Young and DEA agent Reggie Cheney[1] met with Milton and told him to call the defendant to set up the drug sale. Milton called the defendant twice for this purpose.[2] After being introduced by Milton, Young discussed the possibility of purchasing approximately seven ounces of cocaine. The defendant stated that he had to contact his supplier, but that Young should call back in a few minutes. Young called the defendant back, who informed Young that seven ounces was too much. On October 30, 1989, the defendant paged Young, and Young returned the defendant's call. The defendant stated that he had the requisite seven ounces of crack cocaine to sell to Young. Young was to pay the defendant $20 for every ounce purchased as compensation for his services.[3] The parties agreed to finalize the deal on October 31, 1989.
 
 
 5
 On the appointed date, the parties met in Cleveland. After Barber discovered that the buyers had the requisite cash, he proceeded to obtain the cocaine, and the sale took place. At that time, the defendant and Barber were arrested.
 
 
 6
 On the day of the trial, the defendant was transported to court for trial by U.S. Marshal, Edgar Cline. During the car ride, the defendant claims that he stated "that he might as well go back to the jail and pursue an appeal because the jury would find him guilty." Cline testified at trial, however, that the defendant admitted his guilt during the ride. On this appeal, the defendant contends that his conviction should be reversed because the admission of Cline's testimony was unduly prejudicial.
 
 
 7
 This court reviews Rule 403 evidentiary rulings under an abuse of discretion standard. United States v. Ingrao, 844 F.2d 314, 316 (6th Cir.1988); United States v. Cusmano, 729 F.2d 380, 383 (6th Cir.), cert. denied, 467 U.S. 1252 (1984).
 
 
 8
 The alleged error is based solely on the admission of Cline's testimony. The defendant concedes that "any statements made by an accused are relevant in a criminal proceeding." He argues, however, that Cline's testimony was unduly prejudicial because of the circumstances surrounding the statement, i.e., in custody on the way to his trial. It was clear, he argues, that he intended to predict the outcome of his trial, not to admit his guilt. The defendant further argues that the admission of this evidence had no probative value, and that it was highly prejudicial, particularly in light of the fact that Cline expressed doubt as to what the defendant intended by his statement. Also, defendant argues that, because this was a "close case," the district court's error in admitting this evidence was not harmless.
 
 
 9
 We conclude, after reviewing the record, that error, if any, in this regard was harmless. On cross-examination, Cline admitted that the defendant, in making the statement, was predicting the outcome of his case. Also, other evidence, such as the testimonial evidence of the undercover investigators and the tape recordings of the defendant's conversations about the drug deal, was admitted into evidence to incriminate the defendant. In the defendant's own brief, moreover, he states that "the government called or cross examined seven different witnesses other than Cline concerning [his] alleged offense.... Cline's testimony constituted only 3 1/2 pages of the 252 pages of the trial transcript. Cline's testimony was, therefore, neither significant, nor essential to the circumstances surrounding the alleged offense...." Under these circumstances, although the grounds for the admission of Cline's testimony may have been suspect, any error in this regard was harmless beyond a reasonable doubt.
 
 
 10
 We hereby AFFIRM the defendant's conviction.
 
 
 
 [1]
 Young contacted Cheney because Cleveland was out of Young's territory, Loraine County
 
 
 [2]
 These phone calls, as well as the other phone calls mentioned herein, were tape recorded and played back for the jury
 
 
 [3]
 It was later discovered that the defendant also received $20 per ounce from Barber